IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00572-BNB

GEORGE EDWIN FLORENCE,

Plaintiff,

v.

DAWN M. PETERSON,
JORGE L. SALLABERRY,
RICHARD C. GAMUAC,
JOANNE SMILEY,
ANGELA R. YORK,
JUDY PAVLICH,
PARKVIEW MEDICAL CENTER, and
D. THARP, in their individual capacities,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 24 2010

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Plaintiff, George Edwin Florence, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Correctional Complex – Low in Coleman, Florida. He submitted *pro se* an amended Prisoner Complaint for money damages pursuant to ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), among other statutes, in which he asserts medical treatment claims previously raised and dismissed for failure to state a claim in ***Florence v. Peterson***, No. 06-cv-00178-REB-PAC (D. Colo. June 19, 2007), *aff'd*, No. 07-1275 (10th Cir. Mar. 6, 2008). In the instant action, he is suing the same defendants as in No. 06-cv-00178-REB-PAC, as well as D. Tharp.

On April 23, 2010, Mr. Florence's *in forma pauperis* status revoked because the Court learned from independent research that he was subject to filing restrictions under § 1915(g). Pursuant to § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Mr. Florence initiated more than three actions or appeals in a court of the United States while he was incarcerated or detained in any facility that were dismissed as frivolous, malicious, or for failure to state a claim. *See Florence v. Slate*, No. 08-cv-00138-T-17TBM (M.D. Fla. Jan. 24, 2008) (dismissed as frivolous), *appeal dismissed as frivolous*, No. 08-cv-10643-D (11th Cir. Apr. 30, 2008 and June 25, 2008); *Florence v. Rios*, No. 07-cv-00380-REB-KLM (D. Colo. Feb. 25, 2008) (dismissed for lack of subject matter jurisdiction, lack of personal jurisdiction, and for failure to state a claim; *Florence v. Peterson*, No. 06-cv-00178-REB-PAC (D. Colo. June 19, 2007) (dismissed for failure to state a claim), *aff'd*, No. 07-1275 (10th Cir. Mar. 6, 2008); *Florence v. Kendig*, No. 05-cv-01778-REB-PAC (D. Colo. Feb. 23 2007) (dismissed for failure to state a claim), *appeal dismissed*, No. 07-1107 (10th Cir. Aug. 8, 2007) (lack of prosecution); *Florence v. Herrera*, No. 00-cv-02017-T-26C (M.D. Fla. Dec. 18, 2000) (leave to proceed *in forma pauperis* on appeal denied because appeal frivolous); *United States v. Florence*, No. 96-cr-00308-T-17TBM (M.D. Fla. July 23, 1997), *appeal dismissed as frivolous*, Sept. 15, 2009). In addition, although the April

2

23 order did not specifically say so, it was clear from the complaint that Mr. Florence failed to allege any facts indicating he was under imminent danger of serious physical injury, despite his allegations that he was. *See* Mar. 4, 2010, Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 at 2, ¶ 5 ("On August 16, 2004, I was hospitalized as a result of a fall on my job. I now have spinal cord injury that has grown immensely worse and is deteriorating.")

Therefore, the Court revoked Mr. Florence's *in forma pauperis* status, and ordered him to pay the $350.00 filing fee in this action within thirty days. The April 23 order warned him that if he failed to pay the filing fee within the time allowed, the amended complaint and the action would be dismissed. Mr. Florence failed to pay the $350.00 filing fee within the time allowed. Instead, he appealed from the April 23 order.

"The filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam); *see Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990). However, courts of appeals generally have no jurisdiction to review district court orders until there is a "final decision" from the district court under 28 U.S.C. § 1291. *Stewart*, 915 F.2d at 574.

Mr. Florence may not appeal from the April 23 order revoking his *in forma pauperis* status because the April 23 order is not a final order under § 1291. Furthermore, although not specifically requested by Plaintiff, the Court will not certify the April 23 order in this action for an interlocutory appeal because the order does not

23 order did not specifically say so, it was clear from the complaint that Mr. Florence failed to allege any facts indicating he was under imminent danger of serious physical injury, despite his allegations that he was. *See* Mar. 4, 2010, Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 at 2, ¶ 5 ("On August 16, 2004, I was hospitalized as a result of a fall on my job. I now have spinal cord injury that has grown immensely worse and is deteriorating.")

Therefore, the Court revoked Mr. Florence's *in forma pauperis* status, and ordered him to pay the $350.00 filing fee in this action within thirty days. The April 23 order warned him that if he failed to pay the filing fee within the time allowed, the amended complaint and the action would be dismissed. Mr. Florence failed to pay the $350.00 filing fee within the time allowed. Instead, he appealed from the April 23 order.

"The filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam); *see Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990). However, courts of appeals generally have no jurisdiction to review district court orders until there is a "final decision" from the district court under 28 U.S.C. § 1291. *Stewart*, 915 F.2d at 574.

Mr. Florence may not appeal from the April 23 order revoking his *in forma pauperis* status because the April 23 order is not a final order under § 1291. Furthermore, although not specifically requested by Plaintiff, the Court will not certify the April 23 order in this action for an interlocutory appeal because the order does not

23 order did not specifically say so, it was clear from the complaint that Mr. Florence failed to allege any facts indicating he was under imminent danger of serious physical injury, despite his allegations that he was. *See* Mar. 4, 2010, Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 at 2, ¶ 5 ("On August 16, 2004, I was hospitalized as a result of a fall on my job. I now have spinal cord injury that has grown immensely worse and is deteriorating.")

Therefore, the Court revoked Mr. Florence's *in forma pauperis* status, and ordered him to pay the $350.00 filing fee in this action within thirty days. The April 23 order warned him that if he failed to pay the filing fee within the time allowed, the amended complaint and the action would be dismissed. Mr. Florence failed to pay the $350.00 filing fee within the time allowed. Instead, he appealed from the April 23 order.

"The filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam); *see Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990). However, courts of appeals generally have no jurisdiction to review district court orders until there is a "final decision" from the district court under 28 U.S.C. § 1291. *Stewart*, 915 F.2d at 574.

Mr. Florence may not appeal from the April 23 order revoking his *in forma pauperis* status because the April 23 order is not a final order under § 1291. Furthermore, although not specifically requested by Plaintiff, the Court will not certify the April 23 order in this action for an interlocutory appeal because the order does not

involve a controlling question of law as to which there is substantial ground for difference of opinion. *See* 28 U.S.C. § 1292(b).

"If the notice of appeal is deficient by reason of untimeliness, lack of essential recitals, reference to a non-appealable order, or otherwise, the district court may ignore it and proceed with the case." ***Arthur Andersen & Co. v. Finesilver***, 546 F.2d 338, 340-41 (10th Cir. 1976). "Otherwise, a litigant could temporarily deprive a court of jurisdiction at any and every critical juncture." ***Hodgson v. Mahoney***, 460 F.2d 326, 328 (1st Cir), ***cert. denied***, 409 U.S. 1039 (1972). Because Mr. Florence may not appeal from the Court's prior order revoking his *in forma pauperis* status, the Court will proceed with the case. However, the complaint will not be dismissed for Mr. Florence's failure to pay the filing fee within the time allowed.

On April 22, 2010, the Magistrate Judge Boyd N. Boland ordered Mr. Florence to show cause within thirty days why the instant action should not be dismissed as repetitive of No. 06-cv-00178-REB-PAC. On May 12, 2010, Mr. Florence filed his response to the order to show cause. The Court must construe liberally Mr. Florence's filings because he is representing himself. *See **Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See **Hall***, 935 F.2d at 1110. The amended complaint and the action will be dismissed for the reasons stated below.

In No. 06-cv-00178-REB-PAC, Mr. Florence alleged that on August 16, 2004, he slipped and fell on a wet kitchen floor at the Federal Correctional Institution in Florence, Colorado (FCI-Florence). He contended the fall caused him to lose feeling and

movement in his legs, and he was transported for treatment to the Parkview Medical Center in Pueblo, Colorado. Dissatisfied with the treatment he received there, he filed suit in this Court, alleging thirteen claims against four doctors, four registered nurses, one John Doe (apparently a hospital recordkeeper), and the Parkview Medical Center. In ten of the claims, he alleged that the defendants were deliberately indifferent to his medical needs and violated his Eighth Amendment right to be free from cruel and unusual punishment. He also alleged violations of his rights under the First, Fourth, Fifth, Ninth, and Fourteenth amendments. He styled the action as arising both under *Bivens* and 42 U.S.C. § 1983. This Court initially dismissed three of his claims as frivolous. The remaining claims later were dismissed because Mr. Florence had not alleged facts indicating that any defendant was acting under color of state law.

In a verbose, seventy-nine-page amended complaint in the instant action, Mr. Florence asserts thirty-two claims stemming from the same incident, including allegations of a delay in his receipt of heart medication for the five days in 2004 when he was a patient at Parkview Medical Center. He contends "the District Court wrongfully closed the earlier case in this matter." Amended complaint at attached C. Nature of the Case at 1.

Mr. Florence has filed other lawsuits in this Court concerning the back injury he suffered as a result of the August 16, 2004, slip-and-fall incident at FCI-Florence. *See Florence v. Decker*, No. 05-cv-00383-ZLW (dismissed without prejudice for failure to pay filing fee), *aff'd*, No. 05-1290 (10th Cir. Aug. 10, 2005); *Florence v. Velasquez*, No. 05-cv-00651-ZLW (dismissed for failure to comply with Fed. R. Civ. P. 8 and for

failure to exhaust administrative remedies), *aff'd*, No. 05-1359 (10th Cir. Mar. 24, 2006) (failure to exhaust administrative remedies); *Florence v. Kendig*, No. 05-cv-01778-REB (dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim), *appeal dismissed*, No. 07-1107 (10th Cir. Aug. 8, 2007) (lack of prosecution); and *Florence v. Berrios*, No. 06-cv-00798-ZLW (dismissed without prejudice for failure to exhaust administrative remedies), *aff'd*, No. 06-1403 (10th Cir. Dec. 28, 2006).

"[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001). Repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); *see Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam). The Court may consult its own records to determine whether a pleading repeats pending or previously litigated claims. *See Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972).

In the May 12 response to the show-cause order, Mr. Florence contends that he initiated the instant action because he discovered each Defendant committed "constructive fraud" against him by concealing facts they had a duty to disclose. May 12 response at 1. He further alleges that Defendants made a "false promise," kept him "in ignorance" about material aspects of his health, and deceived him about "his requested heart medication and subsequently denied that heart medication to him." *Id.*

6

at 6. He also contends that each Defendant "knew of the fraudulent character of the medical information" presented to him. *Id.*

However, he fails to support these vague and conclusory allegations with any factual assertions. Although the Court must construe Mr. Florence's filings liberally, the Court is not required to fashion his arguments for him where his allegations are merely conclusory or suggestive in nature and are without supporting factual averments. **See United States v. Fisher**, 38 F.3d 1144, 1147 (10th Cir. 1994); **see also United States v. Dunkel**, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). The May 12 response does not specifically identify any fraudulent acts, and clearly is an attempt by Mr. Florence to pursue previously litigated claims under a newly contrived legal theory.

Accordingly, it is

ORDERED that the amended complaint and the instant action are dismissed as legally frivolous and malicious because they are repetitive of claims asserted in and disposed of in **Florence v. Peterson**, No. 06-cv-00178-REB-PAC (D. Colo. June 19, 2007).

DATED at Denver, Colorado, this __8th__ day of __June__, 2010.

BY THE COURT:

*[signature: Christine M. Arguello]*

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00572-BNB

George Edwin Florence
Reg No. 98316-131
Federal Corr. Complex-Low
P.O. Box 1031
Coleman, Florida 33521-1031

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on  6/24/10

                                                GREGORY C. LANGHAM, CLERK

                                            By: _____
                                                      Deputy Clerk